**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTGARD INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>LYNN M. FAGAN, individually and d/b/a BRIGHT FUTURES SOBER LIVING HOMES and CHERYL LOCONTE, individually and as Administratrix of the ESTATE OF AMANDA M. LACONTE,<br><br>Defendants. | CIVIL ACTION NO. 3:18-CV-00714<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before this Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Defendant Cheryl LoConte. This motion will be denied because diversity jurisdiction exists and there is neither a parallel state court proceeding pending alongside the instant federal action nor any additional circumstances, which would compel this Court to decline to exercise its jurisdiction. However, Counts III, IV, V and VI of the Complaint will be dismissed without prejudice because they are not ripe for review.

### **I. Background**

**A.    Factual Background**

Amanda M. LoConte ("Amanda") had a history of abusing controlled substances. Specifically, Amanda battled addictions to heroin, morphine, and alcohol. In an effort to control her addictions, Amanda considered moving into a sober living community.

In July of 2015, Amanda contacted Defendant Lynn M. Fagan ("Fagan") regarding the possibility of moving into one of Fagan's sober living residences in Scranton, Pennsylvania. These residences–operated under the name Bright Futures Sober Living Homes ("Bright Futures")–are managed by New View Homes, Inc. ("New View") (collectively

with Fagan, "Defendants"). The mission of these organizations was to provide "a home in which residents could live a sober, independent life while still providing structure support, guidance, and discipline." (*Compl.*, Ex. A at ¶ 17.) Further, these organizations aimed to provide for the "security . . . of the residents and others in recovery." (*Compl.*, Ex. A at ¶ 13.)

The Complaint alleges that Amanda explained her history of drug addiction, and, in response, Fagan informed Amanda about the wide variety of services offered at Bright Futures. These services ranged from frequent and random drug testing to mandatory counseling meetings. At bottom, Fagan ensured Amanda that Bright Futures would provide a cost effective, safe, and structured environment for her recovery.

Amanda moved into the Bright Futures on July 22, 2015. While Amanda resided at Bright Futures–paying $525.00 per month in rent–the Complaint alleges that the Defendants never provided Amanda any meaningful services. For example, Fagan promised Amanda frequent and random drug testing. (*Compl.*, Ex. A at ¶ 13(b).) But Amanda was only tested one time during her time at Bright Futures. (*Compl.*, Ex. A at ¶ 22.)

On September 5, 2015, Amanda died in her room at Bright Futures due to the combined pharmacological effects of morphine and alcohol.

**B.    Procedural History**

Following Amanda's death, her mother, Cheryl LoConte, individually and as the Administratrix of her daughter's estate (collectively "LoConte"), filed a Complaint in the Lackawanna County Court of Common Pleas. (*Compl.*, Ex. A.) That Complaint alleged causes of action against Defendants Fagan, Bright Futures and New View for (1) Survival; (2) Wrongful Death; (3) Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; and (4) Negligence *per se.* Plaintiff Trustgard Insurance Company ("Trustgard") is currently providing a defense to Defendants pursuant to Defendants' Dwelling Fire Policy, which was effective from April 22, 2015 to April 22, 2016.

On April 2, 2018, Trustgard filed the instant declaratory action seeking to determine whether it has a duty to defend and indemnify Defendants. Trustgard believes that it does not owe Defendants such duties because the policy does not cover: (1) "Bodily injury or property damage arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a Controlled Substance(s) as defined by the Federal Food and Drug Law at 21 U.S.C.A. Sections 811 and 812;" (2) "Bodily injury or property damage arising out of the business pursuits of an insured;" (3) "Bodily injury or property damage caused by the willful, malicious or intentional act of any person, including any claims alleging negligent supervision, negligent entrustment, or negligent failure to control against any insured arising out of the willful, malicious, or intentional act;" and (4) "Liability assumed under an oral contract or agreement by an insured or under a contract or agreement in connection with any business of an insured." (*Compl.* at ¶¶ 25, 26, 28, 29, 31.)

On June 4, 2018, LoConte filed a motion to dismiss Trustgard's declaratory action pursuant to Federal Rule of Civil Procedure 12(b)(1). This motion has been fully briefed and is ripe for review.

## II. Discussion

**A.    Declaratory Judgment Act: Abstention**

LoConte argues that even though this court has jurisdiction pursuant to 28 U.S.C. § 1332[1], I should decline to exercise jurisdiction over this action because the Complaint seeks declaratory relief absent a federal interest. Trustgard disagrees and argues that I should exercise jurisdiction in this case because there is no parallel proceeding in state

---

[1] For the purposes of establishing diversity jurisdiction under § 1332, Defendants are citizens Pennsylvania and Trustgard is a citizen of Ohio. Thus, complete diversity exists. Further, the amount in controversy exceeds $75,000. Therefore, this Court has jurisdiction under 28 U.S.C. § 1332.

court and no additional circumstance exist to compel abstention. I agree with Trustgard. Accordingly, I will exercise jurisdiction over Trustgard's declaratory action.

  (1)  <u>Legal Standard</u>

  There is no question that a court "may abstain from entertaining an action seeking only declaratory relief." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 (3d Cir. 2017). When determining if a court should abstain, a court must first determine whether there is a "parallel state proceeding." *Id.* at 282 (citing *Reifer v. Westport Ins. Co.*, 751 F.3d 129, 143,146 (3d Cir. 2014)). While the existence of a parallel state proceeding is not dispositive, it is assessed first because it is "a significant factor that is treated with increased emphasis." *Id.*; *see also Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 394 (5th Cir. 2003); *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 423 (4th Cir. 1998); *Signature Bldg. Sys. v. Spears Mfg. Co.*, No. 17-1795, 2018 WL 1123724, at *4 (M.D. Pa. Feb. 26, 2018) (Caputo, J.). To be parallel, "there must be a substantial similarity in issues and parties between contemporaneously pending proceedings." *Kelly*, 868 F.3d at 284. The "mere potential or possibility that two proceedings will resolve related claims between the same parties is not sufficient." *Id.* at 283-84. Stated differently, the issues presented in two separate actions are "substantially similar" when "the resolution of an issue in one [action] will *necessarily* settle the matter in the other [action.]" *Id.* at 284 n.8 (emphasis added) (citing *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009)).

  After the existence or non-existence of a parallel proceeding is determined, a court should then weigh additional factors set forth by the Third Circuit in *Reifer v. Westport Insurance Corporation*. There, in addition to the existence of a parallel proceeding in state court, the Circuit identified seven factors to be weighed when determining whether or not to abstain from exercising jurisdiction over a declaratory action. Those factors are:

4

(i) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(ii) the convenience of the parties;

(iii) the public interest in settlement of the uncertainty of obligation;

(iv) the availability and relative convenience of other remedies;

(v) a general policy of restraint when the same issues are pending in a state court;

(vi) avoidance of duplicative litigation;

(vii) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*.

*See Reifer*, 751 F.3d at 146.

(2) <u>No Parallel Proceeding Exists</u>

There is not a parallel state court proceeding pending alongside the instant federal action. Here, the state court proceeding is an action in tort seeking to determine the Defendant's liability to LoConte. In contrast, this federal action seeks to determine Trustgard's obligations to the Defendants. The questions of "whether [Defendant's] insurance policy with [Trustgard] covers [Defendant's] potential liability and whether [Defendants are] in fact liable to [LoConte] are distinct." *Kelly*, 868 F.3d at 287. In other words, these issues are not substantially similar; the resolution of either issue does not necessarily settle the other. Additionally, Trustgard is not a party to the state action. *See id.* For these reasons, I find that the instant federal action seeking to determine the applicability of insurance coverage and a state court action seeking to establish tort liability are distinct. Therefore, there is no parallel state court proceeding impacting the exercise of jurisdiction.

On these facts, finding that the state court action does not amount to a relevant parallel proceeding is not a novel conclusion. *See id.* (citing *Maryland Cas. Co. v.*

*Consumers Fin. Serv., Inc.*, 101 F.2d 514, 515-516 (3d Cir. 1938); *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1219 (3d Cir. 1989); *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005); *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 380 (4th Cir. 1994)).

  (3) The <u>*Reifer* Factors Do Not Support Abstention</u>

Now, after finding that no parallel state court proceeding exists, I must consider, "as part of exercising sound reason and discretion," the remaining factors prescribed by the Third Circuit in *Reifer* to determine whether "the lack of a pending parallel state proceeding is outweighed by opposing factors." *Id.* at 282. It is not.

First, "a declaratory judgment by [this] Court would resolve the uncertainty that prompted the filing of the Declaratory Action." *Id.* at 288. Namely, whether Trustgard is "obligated to provide a defense and indemnification to its insureds." *Id.*

Second, the parties will not be inconvenienced by having this matter adjudicated in the federal forum as I sit within the Scranton vicinage of the United States District Court for the Middle District of Pennsylvania. *Signature Bldg. Sys.*, 2018 WL 1123724, at *4.

Third, "the parties do not aver that any public interest is at stake other than the usual interest in the fair adjudication of legal disputes." *Kelly*, 868 F.3d at 288.

Fourth, "the parties do not argue that other remedies would be adequate, let alone more convenient. The state and federal courts are equally able to grant effective relief in these circumstances." *Id* at 289. LoConte's argument that the issues presented in the declaratory action "must be [decided] by the state court rendering a decision on the merits of" the liability claim is misguided. (*Doc.* 17, at 6.)

Fifth, the issue of Trustgard's obligations under the insurance policy is not pending in a state court. In fact, Trustgard is not even a party to the pending state court action. Thus, the "general policy of restraint does not apply in the present case." *Id.*

Sixth, there is no reason to be concerned about duplicative litigation. Remember, the issues presented in the instant declaratory action and state tort action are distinct.

And, finally, there does not seem to be a concern about procedural fencing or *res judicata*. LoConte offers nothing more than a passing allegation to suggest that the filing of this declaratory action was driven by improper motive.

In summary, none of the *Reifer* factors support abstention.

"The nonexistence of a parallel state proceeding weighed significantly in favor of [this] Court entertaining . . . the declaratory action," and the [*Reifer*] factors did not outweigh the lack of a parallel state proceeding. *Id.* As a result, I will conclude that abstention is inappropriate.

**B.     Declaratory Judgment Act: Justicability**

Next, LoConte argues that Counts III, IV, V and VI do not present justiciable controversies for resolution in this Court; the claims made are not ripe. I agree. Therefore, Counts III, IV, V and VI will be dismissed without prejudice.

A ripeness inquiry presents a question of timing. The ripeness doctrine's basic function is to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Lab. v. Gardner*, 387 U.S. 136, 148 (1967). "As a general rule, a court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for the underlying action." *Am. States Ins. Co. v. Component Techs., Inc.*, 420 F. Supp. 2d 373, 374 (M.D. Pa. 2005); *see, e.g., Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003); *Certain Underwriters at Lloyd's London v. St. Joe Minerals Corp.*, 90 F.3d 671, 676 (2d Cir. 1996); *Hartford Fire Ins. Co. v. Interdigital Communs. Corp.*, 464 F. Supp 2d 375, 378-79 (D. Del. 2006). This general proposition rests on the reasoning that while an underlying action is pending, "the issue of

indemnification is not yet [ripe]" because the question of liability is too abstract prior to a finding against the insured. *Evanston Ins. Co. v. Layne Thomas Builders, Inc.*, 635 F. Supp. 2d 348, 353 (D. Del. 2009). Additionally, this general proposition aligns with the three-part test established by the Third Circuit to determine whether a matter is ripe for declaratory relief.[2]

There is no reason to deviate from the general rule in this case. Therefore, Counts III, IV, V and VI will be dismissed because they seek declaratory relief related to Trustgard's duty to indemnify prior to a decision on its insured's liability.

Notably, Counts I and II, which may also seek a declaration related to Trustgard's duty to indemnify, will not be dismissed. Principally, these Counts present a question about Trustgard's duty to defend, which incidentally includes reference to its duty to indemnify. An insurance companies duty to defend is broader–and generally encompasses–its duty to indemnify. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 225-226 (3d Cir. 2005) (explaining that because "the duty to defend is broader than the duty to indemnify, there is no duty to indemnify [a claim] if there is no duty to defend [it.]"); *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 673 (3d Cir. 2016) (same). And, there is no question that a

---

[2] The following three factors determine whether the matter is ripe for declaratory relief: (1) whether the parties' interests are sufficiently adverse; (2) whether the court can issue a conclusive ruling in light of potentially evolving factual developments; and (3) whether the decision will render practical help to the parties. *Step-Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d 643, 647 (3d Cir. 1990). Here, these factors suggest Counts III, IV, V and VI are not ripe for review. The parties are not sufficiently adverse because liability has yet to be established. In fact, Trustgard is currently providing a defense for Fagan. Thus, Fagan and Trustgard are working toward the same end: a verdict of not liable. Next, I cannot issue a conclusive ruling on indemnification. At this time, there is no way to determine what conduct, if any, would provide for liability. In other words, absent a crystal ball, I am unable to determine whether or not indemnification would be proper.

declaratory action seeking to determine an insurer's obligation to defend its insured is ripe once "there is an underlying action or there is a threatened act ion." *Hartford Ins. Co. v. Dana Transp. Inc.*, No. 16-9091, 2018 U.S. Dist. LEXIS 88659, at *11 (D.N.J. May 21, 2018).

Here, the Defendants have been sued and Trustgard is actively providing for their defense. Thus, a declaratory action seeking to determine the contours of Trustgard's duty to defend the Defendants is ripe. *See Cont'l Cas. Co. v. Westfield Ins. Co.*, No. 16-5299, 2017 WL 1477136, at *4 (E.D. Pa. Apr. 24, 2017) (O'Neill, J.) ("When a plaintiff requests [declaratory] relief on the basis of both [the duty to defend and the duty to indemnify], they are ripe."). Further, if Count I or II of the instant declaratory action were construed to present an unripe question related to indemnification, a court would never be able to provide declaratory relief to an insurer seeking to define his duty to defend until after liability was established because by definition an insurer's duty to indemnify falls within its duty to defend. This would be an absurd result.

## IV. Conclusion

For the above stated reasons, I will find that abstention is inappropriate. However, I will dismiss Counts III, IV, V and VI of the Complaint because these Counts are not presently ripe for review.

An appropriate order follows.

| | |
|---|---|
| July 31, 2018 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

9